**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-2740-CMA-MEH

ESTATE OF BRUCE R. HOWARD, by Georgeanna Howard as personal representative;
GEORGEANNA HOWARD, as wife of decedent, Bruce Howard;
LORRAINE WELHOUSE, as daughter of decedent, Bruce Howard; and
ROBIN ASHTON, as daughter of decedent, Bruce Howard,

      Plaintiffs,

v.

COUNTY OF EL PASO, COLORADO;
EL PASO COUNTY SHERIFF'S OFFICE;
BUREAU CHIEF PAULA PRESLEY, in her official capacities;
EL PASO COUNTY SHERIFF TERRY MAKETA, in his official capacity;
CORRECTIONAL HEALTHCARE MANAGEMENT;
G.H. PHIPPS CONSTRUCTION CO.;
WEST ELECTRIC GROUP;
DIANE AL-ABDULJALIL, M.D., in her individual and official capacities;
MONICA DOUGHTY, R.N., in her individual and official capacities;
MELISSA KLEGSETH, L.P.N., in her individual and official capacities;
DIANE JENSEN, R.N., in her individual and official capacities;
HEATHER ALLERY, R.N., in her individual and official capacities,

      Defendants.

**PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) Plaintiffs in the above-captioned matter; and/or (b) records in the custody or control of Defendants. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "confidential information") shall not, without the consent of the party or entity producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including their designated representatives;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

  4.5 Information designated "CONFIDENTIAL—Attorneys' Eyes Only" shall be information that is confidential and implicates common law and statutory privacy interests of the El Paso County Sheriff's Office. CONFIDENTIAL—Attorneys' Eyes Only information shall not be disclosed or used for any purpose except the preparation and trial of this case, and more specifically shall never be disclosed to any of the named Plaintiffs in this case; to any named Defendant who does not have security clearance for the El Paso County Jail; to any member of the general public; or to any other individual or entity except as stated in this Order. Information designated "CONFIDENTIAL—Attorneys' Eyes Only" shall not, without the consent of the party or entity producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (d) the Court and its employees ("Court Personnel");

    (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order, understands its terms, and agrees to be bound by its provisions.  All such acknowledgements shall be retained by counsel until conclusion of the case, including any appeals.

6. Documents are designated as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only."  Any information designated by a party as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1).  Further, parties and attorneys designating documents as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only represent that such documents contain information in which there is a legitimate private interest as referenced in D.C.Colo.LCivR 7.2(C)(2).

7. Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only information, the deposition or portions thereof shall be

designated as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      8.      A party may object to the designation of particular information as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only shall bear the burden of establishing

that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only.

9. A party contemplating filing with the Court a document or documents designated CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only pursuant to and protected by this Protective Order must comply with the requirements of D.C.Colo.LCivR 7.2 and file a motion to seal the documents. A party seeking to file with the Court any document or documents designated CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only pursuant to and protected by this Protective Order, and which have been designated CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only by another party, may request that the designating party provide the information required by D.C.Colo.LCivR 7.2(C). Such request shall be made by notifying counsel for the designating party in writing at least seven (7) business days before the filing is to occur. If such a request is timely made, counsel for the party that has designated the document(s) CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only shall, within five (5) business days, respond in writing providing the information required by D.C.Colo.LCivR 7.2(C). If no such timely request is made, the party seeking to file the CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only document(s) must in good faith attempt to supply the information required by D.C.Colo.LCivR 7.2(C) in the motion to seal.

10. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only, or the parties may elect to destroy CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only documents. Where

the parties agree to destroy CONFIDENTIAL or CONFIDENTIAL—Attorneys' Eyes Only documents, each parties' counsel shall be responsible to insure that the CONFIDENTIAL or CONFIDENTIAL---Attorneys' Eyes Only documents have been destroyed. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of any confidential information pursuant to this Protective Order.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 4th day of March, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge