IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02740-CMA-MEH

ESTATE OF BRUCE R. HOWARD, by Georgeanna Howard as personal representative,
GEORGEANNA HOWARD, as wife of decedent, Bruce Howard,
LORRAINE WELHOUSE, as daughter of decedent, Bruce Howard, and
ROBIN ASHTON, as daughter of decedent, Bruce Howard,

       Plaintiffs,

v.

COUNTY OF EL PASO, COLORADO,
EL PASO COUNTY SHERIFF'S OFFICE,
BUREAU CHIEF PAULA PRESLEY, in her official capacity,
EL PASO COUNTY SHERIFF TERRY MAKETA, in his official capacity,
CORRECTIONAL HEALTHCARE MANAGEMENT,
CORRECTIONAL MEDICAL SERVICES, INC.,
G.H. PHIPPS CONSTRUCTION CO.,
WEST ELECTRIC GROUP,
DIANE AL-ABDULJALIL, M.D., in her individual and official capacities,
MONICA DOUGHTY, R.N., in her individual and official capacities,
MELISSA KLEGSETH, L.P.N., in her individual and official capacities,
DIANE JENSEN, R.N., in her individual and official capacities, and
HEATHER ALLERY, R.N., in her individual and official capacities,

       Defendants.

---

## ORDER ON MOTION TO AMEND

---

       Before the Court is Plaintiffs' Motion to Amend Complaint [filed March 11, 2011; docket #64]. The matter is briefed and has been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

## I.    Background

       Through the present motion, Plaintiffs seek to amend their Complaint filed November 9, 2010, to add a defendant, Jeffrey Thomas Buchwalter, and additional factual allegations learned

through discovery.  Plaintiffs ask the Court to consider the addition of Mr. Buchwalter and their new allegations in the adjudication of the motion to dismiss filed by Correctional Healthcare Management, Diane Al-Abduljalil, M.D., and Melissa Klegseth ("CHM Defendants").  Plaintiffs filed the present motion on March 11, 2011, the deadline to seek joinder of parties and amendment of pleadings.

The CHM Defendants filed a timely response to the motion objecting that Plaintiffs' proposed amendments are untimely, unnecessary and futile.  In addition, Defendants County of El Paso, El Paso County Sheriff's Office, Bureau Chief Paula Presley and El Paso County Sheriff Terry Maketa ("County Defendants") filed a response to the motion claiming undue prejudice for the delay arising from the requirement to file another responsive pleading to an Amended Complaint, the contents of which do not affect adjudication of their pending motion to dismiss.  Defendant West Electric Group filed a response that contains no substantive objections and the remaining Defendants filed no responses to the motion.[1]

## II.    Analysis

A motion seeking leave to amend a complaint is governed by Fed. R. Civ. P. 15.  The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan*, 397 F.3d at 1315.  "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182.  Leave to amend may be refused "only on a showing of undue delay, undue

[1]The Court, therefore, construes Plaintiffs' motion as unopposed by these Defendants.

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Plaintiffs' motion implicates not only Rule 15(a), but also Rule 20(a) which permits joinder of defendants in a single action if

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  When making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *MDM Group Assocs., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, at *4 (D. Colo. July 14, 2008) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

Here, section 9.a. of the governing Scheduling Order concerning the deadline for seeking joinder of parties and amendment of pleadings in this case states: "[t]he parties agree to ... March 11, 2011 for the Joinder of Parties and Amendment Pleadings."  Docket #49 at 19.  Plaintiffs filed their motion on March 11, 2011; therefore, the Court finds that the motion is timely and has caused no delay, whether undue or otherwise.

The CHM Defendants oppose the joinder of Mr. Buchwalter as a defendant in this case for several reasons: (1) the amendments are untimely because Plaintiffs had access to the decedent's medical intake records with Mr. Buchwalter's name on them at the time of the original Complaint;

(2) any individual claims brought against Mr. Buchwalter are barred by the statute of limitations; (3) the amendments fail to cure the deficiencies set forth in the motion to dismiss; in other words, adding Mr. Buchwalter in his official capacity is the same as naming the entity as a defendant and, thus, the addition does not change the analysis nor the adjudication of the pending motion to dismiss.

First, with respect to the timeliness challenge, the CHM Defendants cite the unpublished opinion in *Sipp v. Unumprovident Corp.*, 107 F. App'x 867 (10th Cir. Aug. 20, 2004) for the proposition that amendments are untimely if the cause of action was available to the Plaintiffs at the time they filed their original complaint.  While the court in *Sipp* affirmed a trial court's denial of a motion to amend, the facts of the case are distinguishable from those of the case at hand.  First, the plaintiff in *Sipp* sought to add two new causes of action to the case.  *Id.* at 876.  Second, he filed his motion to amend two months after the deadline for amendments and only eight days before the discovery deadline.  *Id.* The trial court found prejudice would inure to the defendant concluding that "[a]llowing the extension would inevitably require reopening discovery and essentially starting this case anew and would significantly delay the final d[is]position."  *Id.* at 877.

Here, as set forth above, the Plaintiffs have timely filed the present motion within the deadline established and agreed to by the parties.  The discovery cutoff is September 30, 2011, more than five months away.  To the extent that the CHM Defendants claim undue prejudice from the delay in the disposition of their motion to dismiss, the Court notes that Plaintiffs filed the present motion only two weeks after the motion to dismiss was fully briefed.[2]  The Court finds that the Defendants are not prejudiced by the timing of the present motion.

Second, Plaintiffs assert that the claims raised against Mr. Buchwalter are brought strictly

---

[2]This timing appears to coincide with the intent of the drafters of Rule 15's 2009 Amendments that a plaintiff be persuaded to amend if a motion or responsive pleading raises issues not previously considered.  *See* Fed. R. Civ. P. 15 (2009 amends.).

against him in his official capacity; thus, the CHM Defendants' argument concerning statute of limitations for any claims brought against Mr. Buchwalter in his individual capacity is inapposite.[3]

Third, the CHM Defendants contend that the amendments fail to cure any deficiencies raised in the motion to dismiss and, thus, are futile. Specifically, Defendants assert that, because CHM cannot be held liable for the acts of individual employees in this case, then the addition of allegations concerning an individual employee, Mr. Buchwalter, is insufficient to demonstrate CHM had an unconstitutional policy, custom or practice that caused Mr. Howard's death for purposes of Claim One. In addition, Defendants contend the addition of allegations concerning Mr. Buchwalter do nothing to affect the analysis of their motion to dismiss Claim Two for negligent training and Claim Three for negligent supervision.

Plaintiffs respond that the additional allegations involving "the failure of yet another CHM employee to adequately identify and provide treatment for Mr. Howard's medical conditions provide additional support for Plaintiffs' contention that CHM and its employees had, at a minimum, a custom or practice of ignoring the obvious medical needs of detainees such as Mr. Howard, and that such custom constituted a deliberate indifference to detainees' serious medical needs." Docket #70 at 6. Plaintiffs further argue that a showing of multiple employees engaged in the same alleged reckless conduct provides additional support for their negligent training and supervision claims. *Id.*

Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b)(6) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the Defendants' concerns regarding delay in this case. *See Fluker v. Federal Bureau of Prisons*, No.

---

[3]It is well settled that an official capacity suit under Section 1983 is considered an action against the entity of which the officer is an agent provided the entity has received notice and an opportunity to respond. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). CHM received notice of the section 1983 claims against it by virtue of the claims contained within the original Complaint.

07-2426-CMA-CBS, 2009 WL 1065986, *5 (D. Colo. Apr. 21, 2009) (unpublished).  Continued argument about the application of Rule 15(a), through a Rule 12(b)(6) analysis, will only serve to interfere further with the effective management of this case.

Thus, the Court finds that the Defendants' arguments concerning the futility of the additional allegations are more efficiently raised in the context of a Rule 12(b)(6) motion, rather than indirectly through opposition of a Rule 15(a) motion.  *Id.*  Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 12 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b).  Therefore, the Defendants may be better served by waiting to assert Rule 12 arguments until the operative claims, allegations and parties are in place.  *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, *4 (D. Colo. June 20, 2008) (unpublished).

The Court is mindful that the County Defendants object to suffering any undue prejudice from the delay inherent in the requirement to file another responsive pleading to an Amended Complaint that does not affect the adjudication of their pending motion to dismiss.  Plaintiffs concede that their amendments will not affect the analysis of the County Defendants' motion to dismiss.  However, the Court finds that, under the circumstances here where the motion was timely filed, the discovery cutoff is more than five months away, and no trial date is scheduled, the County Defendants will not be unduly prejudiced by re-filing (if they so choose) their motion to dismiss in response to Plaintiff's Amended Complaint.

Furthermore, considering the *MDM Group* factors in analyzing joinder under Rule 20, the Court believes that the proposed joinder of Mr. Buchwalter in his official capacity is appropriate here.  Therefore, the Court finds that Plaintiffs have established good cause for amending their Complaint at this stage of the litigation to add factual allegations learned through discovery and join

Mr. Buchwalter as a defendant in his official capacity in the action.

## III.    Conclusion

Accordingly, for the reasons stated above and in the interests of justice, it is hereby ORDERED that Plaintiffs' Motion to Amend Complaint [filed March 11, 2011; docket #64] is **granted**.  The Court directs the Clerk of the Court to file the Amended Complaint and Jury Demand found at docket #64-1.   The Defendants shall file responses to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a) and all applicable rules.

Dated at Denver, Colorado, this 22nd day of April, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge